UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHAD TYSON GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-164-WTL-DML |
| | ) | |
| SCOTT COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff is directed to **supplement** his request to proceed *in forma pauperis*. He shall have **through March 16, 2010,** in which to do so. He shall do so by submitting a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 8, 2010.

2. The sole defendant in this action brought pursuant to 42 U.S.C. § 1983 is the Scott County Jail, the detention facility where the plaintiff is confined. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). The Scott County Jail is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.,* 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Ferguson v. Dallas County Jail,* 1997 WL 86459, at *1 (N.D.Tex. Feb. 26, 1997) (finding that county jail lacks separate jural existence and is not a separate entity subject to suit). Consistent with the foregoing, the complaint is dismissed legally insufficient pursuant to 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

3. As presented, therefore, the complaint fails to state a claim upon which relief can be granted and the complaint is therefore **dismissed.**

4. The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through March 16, 2010,** in which to **file an amended complaint.** The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

5. In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

- The amended complaint shall contain a clear statement of the relief which is sought.

6. If an amended complaint is filed as directed in this Entry, the court will determine its legal sufficiency and enter whatever order which is warranted. If no amended complaint is filed as directed in this Entry, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 02/18/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHAD TYSON GLENN
Scott County Jail
111 S. First St.
Scottsburg, IN 47170